UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KATHLEEN A MERCER,**

      **Plaintiff,**

v.                                             Case No: 6:23-cv-1319-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

ORDER

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying an application for disability insurance benefits. In a decision dated December 12, 2022, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from August 11, 2020, through the date of the decision. R. 29. Having considered the parties' memoranda and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

**I.      Issues on Appeal**

Claimant raises two issues on appeal: (1) whether the ALJ adequately explained how she considered the supportability factor when evaluating medical source opinions; and (2) whether the ALJ adequately explained how she considered the consistency factor when evaluating medical source opinions.

**II.     Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards.

> Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Claimant filed the claim after March 27, 2017, so the revised regulations apply in this action.

The revised regulations require that an ALJ apply the same factors in the consideration of the opinions from all medical sources, rather than afford specific evidentiary weight to certain sources' opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ will assess the persuasiveness of a medical source's opinion in light of five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[1] 4) specialization and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c); 416.920c(c).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-

---

[1] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

- 2 -

by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. 20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1).

Courts have found that "[o]ther than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing *Mudge v. Saul*, 2019 WL 3412616, at *4 (E.D. Mo. July 29, 2019)).

**III. Discussion**

In both assignments of error, Claimant challenges the ALJ's findings as to the persuasiveness, or lack thereof, of four physicians' opinions. Docs. 17, 19. Specifically, Claimant argues that the ALJ failed to adequately address the supportability or consistency factors. *See id*. "Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021). "Put differently, the ALJ must analyze whether the medical source's opinion is (1) supported by the source's own records, and (2) consistent with the other evidence of

record." *Tocco v. Comm'r of Soc. Sec.*, 2022 WL 3362863, at *7 (M.D. Fla. July 28, 2022), *report and recommendation adopted*, 2022 WL 337665 (M.D. Fla. Aug. 15, 2022) (citing Cook *v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at*3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021)).

The Court will first address Claimant's arguments related to the supportability factor and then turn to consistency.

**A. Supportability**

Claimant contends that the ALJ did not adequately explain how she considered the supportability factor when evaluating Dr. Inez Dalton's opinion. The Court disagrees. On October 16, 2021, Dr. Dalton opined that Claimant's "attempts to work have contributed to worsening of her symptoms and inability to be successful in her job(s)." R. 633. Dr. Dalton found that Claimant was "often sleep-deprived which challenges her ability to understand, remember, maintain concentration, and carry out instructions." *Id*. Also, Dr. Dalton opined that "[d]ue to her diagnosed conditions, [Claimant] is unable to respond appropriately to supervision and work pressures." *Id*. Dr. Dalton concluded that Claimant "is requesting social security disability because she cannot maintain a job." *Id*.

The ALJ found Dr. Dalton's opinion to be unpersuasive and provided the following explanation:

> The undersigned also considered the opinion of Inez Dalton, M.D. Dr. Dalton opined that the claimant is unable to appropriately respond to supervision and work pressure (Exhibit 11F, p.1). Dr. Dalton opined that the claimant's symptoms, including sleep deprivation, affect her ability to understand, remember, and carry instructions (Exhibit 11F, p.1). Dr. Dalton also opined that the claimant's symptoms affect her ability to maintain concentration (Exhibit 11F, p.1). The undersigned finds Dr. Dalton's opinion to be unpersuasive. For example, while she opines that the claimant is unable to respond to supervision and work pressure, she supported her working at Home Depot (Exhibit 10F, p.7). Moreover, Dr. Dalton's opinion is inconsistent with the examination notes throughout the record. The

> record supports that she displays appropriate memory and concentration to perform simple tasks, as she displays the ability to recall three-out-of- three unrelated items immediately and two-out-of-three unrelated items after a short delay (Exhibit 5F, p.3). Moreover, she is also able to recall specific details regarding past autobiographical events (Exhibit 5F, p.3) and display good effort during formal intelligence testing (Exhibit 5F, p.4). Finally, Dr. Dalton's opinion is inconsistent with the claimant's ability to live on her own and engage in part-time work activity.

R. 26-27.

Pointing to the supportability factor, Claimant argues that the ALJ did not provide an adequate explanation when evaluating Dr. Dalton's medical opinion.  Doc. 17 at 15-17; Doc. 19 at 2.  But the ALJ did.  The ALJ discusses in detail Dr. Dalton's findings regarding what Claimant is unable to do or handle in the workplace and compares it to Dr. Dalton's own statement of support for Claimant's ability to work at Home Depot. R. 26, citing to R. 631.  Specifically, the ALJ refers to Dr. Dalton's record at Ex. 10F, wherein Dr. Dalton commented that "Kathleen stated she is getting better at her cashier job at Home Depot and said 'I need to work and be around people.' I agree with her position and support her in continuing to work at Home Depot."  R. 631.

The ALJ may not have used the word "supportability," but the ALJ clearly found Dr. Dalton's opinion to be inconsistent with the physician's own record.  *See Vachon v. Comm'r of Soc. Sec.*, 2022 WL 458604, at *14 n.5 (M.D. Fla. Feb. 15, 2022) (finding that to the extent the ALJ may have erred in failing to say "supportability," it was harmless error because the ALJ assessed the factor) (citing *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013)).  While Claimant may not agree with the ALJ's determination, the ALJ adequately articulated her consideration of this factor as it relates to Dr. Dalton's opinion.  *See Winschel*, 631 F.3d at 1178.

Also, with respect to supportability, Claimant states that she disagrees with the ALJ's finding that Dr. Scott Kaplan, Psy.D's opinion was unpersuasive.  Doc. 17 at 14, 16, 18.  Whether

- 5 -

Claimant disagrees or not, the ALJ sufficiently addressed this factor. Dr. Kaplan filled out a form relating to Claimant's ability to "do work-related activities (mental)." R. 652, 653. Dr. Kaplan opined that Claimant had serious limitations in some categories and was unable to meet competitive standards in others. *Id*. Dr. Kaplan found that it was anticipated that Claimant would be absent more than four days per month. R. 653. Dr. Kaplan also referred to an evaluation from May 30, 2022. R. 652.

> The ALJ made the following persuasiveness determination:
>
> The undersigned also considered the opinions of Scott Kaplan, Psy.D. (Exhibits 9F, p.3; 12F; 14F). Dr. Kaplan opined that the claimant "does not appear capable of gainful activity and will experience significant decompensation in a work setting due to her psychological impairments and associated features" (Exhibit 12F, p.2). Dr. Kaplan opined that the claimant is "unable to meet competitive standards" in a number of areas, including: (1) interacting appropriately with the general public; (2) maintaining socially appropriate behavior; (3) maintaining attention for two-hour segments; (4) maintaining regular attendance and being punctual within customary tolerances; (5) getting along with others; (6) dealing with normal work stress; and (7) completing a normal workday and workweek without interruptions from psychologically based symptoms (Exhibit 14F, p.1). Dr. Kaplan opined that the claimant will not behave in an emotionally stable manner or react predictably in social situations (Exhibit 12F, p.2). The undersigned finds Dr. Kaplan's opinions to be unpersuasive, as they are inconsistent with the examination notes throughout the record. As described in the preceding paragraph, the record supports that she displays appropriate memory and concentration to perform simple tasks. The record indicates that she can interact with others, as she generally maintains adequate eye contact, a positive attitude, and cooperative behavior throughout medical examinations (See, e.g., Exhibits 3F, p.1; 9F, p.1; 12F, p.2; 13F, p.2). She also builds good rapport with her examiners (Exhibit 5F, p.4). Dr. Kaplan's opinion is inconsistent with the claimant's ability to live on her own and engage in part-time work activity.

R. 27.

Based on the foregoing, Claimant contends that the ALJ's determination with respect to Dr. Kaplan was only supported by a "generalized statement that it was inconsistent with examination notes throughout the record." Doc. 17 at 18. Claimant argues that the ALJ does not

address the relevant objective medical evidence and supporting explanations presented by the medical source. *Id*.

Despite Claimant's insinuation that the ALJ's discussion was boilerplate and lacking, the analysis does not end with the conclusory statement that Dr. Kaplan's opinions are inconsistent with the examination notes. Instead, the ALJ specifically discusses the record as it relates to Claimant's interactions, attitude, and behavior and cites to a number of exhibits in the administrative record. Those documents include Dr. Kaplan's own records and, as the ALJ states, reflect that Dr. Kaplan noted that Claimant was cooperative with the testing. R. 622. The ALJ also cites to Dr. Kaplan's record related to testing done on May 30, 2022, wherein Dr. Kaplan still found that Claimant was cooperative. R. 638-639. Also, earlier in the decision, the ALJ addressed the medical record as it relates to Claimant's mental impairments. Namely, the ALJ thoroughly discusses Dr. Kaplan's examination and found that Dr. Kaplan's notes did not support the reported severity of the Claimant's severe mental impairments. R. 24-25.

Again, while the ALJ may not have used the term "supportability," the ALJ clearly addressed whether Dr. Kaplan's opinion was supported by Dr. Kaplan's own records and the Court finds the ALJ's explanation to be adequate.

Finally, with respect to the first assignment of error on supportability, Claimant seems to challenge the ALJ's statement that Drs. Dalton and Kaplan's opinions were inconsistent with Claimant's ability to live on her own. *See* Doc. 17 at 19. Claimant argues that the record reveals that she was never able to achieve independent living and she cites to her testimony and her counselor's notes regarding Claimant's living situation and daily activities. *Id*. at 19-20. Claimant then adds that the Eleventh Circuit requires the ALJ to determine the range of fluctuation of a

Claimant's symptoms and the ALJ erred in providing her own analysis of the medical evidence without citing any supporting medical opinion. *Id*. at 22.

While this seems to be a kitchen sink approach to attacking the ALJ's decision and it is not entirely clear how these statements even relate to the supportability factor under the regulations (the sole basis for the first assignment of error), to the extent Claimant is challenging the ALJ's characterization and treatment of the record regarding her subjective complaints and daily living, Claimant is not entitled to relief. The ALJ properly considered Claimant's testimony and reports regarding her abilities and daily activities throughout the decision. *See* R. 24, 25. Significantly, the ALJ not only addressed the "good day" reports regarding Claimant's abilities, but also acknowledged the record regarding the Claimant's need for help managing money and her occasional displays of a "depressed, anxious mood and affect." R. 25. In sum, the Court finds that the ALJ did not substitute her own opinion of the Claimant's condition for that of a medical expert and properly evaluated Drs. Kaplan and Dalton's opinions in comparison to the record on Claimant's subjective complaints and daily living.

**B. Consistency**

Claimant next challenges the ALJ's persuasiveness determination as it relates to Drs. James Meyers, Psy.D. and Mike Dow, Psy.D. Doc. 17 at 23. Specifically, Claimant raises the issue of whether the ALJ adequately explained how she considered the consistency factor. *Id*. As with supportability, the Court finds that the ALJ's analysis was sufficient.

The ALJ found the following:

> In forming the mental limitations throughout the claimant's residual functional capacity, the undersigned considered the opinions of State agency mental health consultants James L. Meyers, Psy.D., and Mike Dow, Psy.D. Both Dr. Meyers and Dr. Dow opined that the claimant retains the ability to perform simple tasks, get along with others, and adapt to changes in the workplace (Exhibits 2A, p.14; 4A, p.10). The undersigned finds the opinions to be persuasive, as they are consistent

> with the mental status examinations throughout the record. Although both Dr. Meyers and Dr. Dow are non-examining sources, a detailed explanation supports both opinions. Finally, both Dr. Meyers and Dr. Dow are experts on the Social Security Administration's rules and regulations.

R. 26.

Claimant contends that it is not true that the physicians' opinions were consistent with the mental status examinations throughout the record. Instead, Claimant argues that a careful reading of the record reveals the opposite. Doc. 17 at 23-24. Claimant asserts that the ALJ does not give an adequate rationale for why she found Drs. Meyers and Dows opinions more persuasive than Drs. Kaplan and Dalton. *Id*. at 25.

Claimant's argument essentially invites the Court to accept the evidence she has found elsewhere in the record, reject the evidence the ALJ relied upon, and reach a different conclusion regarding the persuasiveness of Drs. Meyers and Dow's opinions. While Claimant may not agree with the ALJ's decision, a court cannot reweigh the evidence. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (citation omitted).

In any event, the Court finds that the ALJ adequately articulated how she considered the physicians' medical opinions. Namely, the ALJ compares Drs. Meyers and Dows' opinions on Claimant's abilities to perform simple tasks, get along with others, and adapt to change to the mental status examinations found elsewhere in the record. R. 26. Even though the ALJ did not repeat her review of the examinations in the same paragraph where her persuasiveness determination is found, the ALJ thoroughly discusses the record on those issues throughout the decision. Specifically, in the paragraphs leading up to the persuasiveness determination, the ALJ discusses the record regarding Claimant's ability to build a good rapport with the examiners and engage in "simple" tasks such as dressing, bathing, exercising, shopping, preparing "simple meals,

and driving. R. 25. The ALJ also notes that "the record does not support a decreased ability to interact with others since she held the [cashier] position to warrant less than frequent or occasional interact with others." *Id*. Further, at step three in the sequential analysis, the ALJ discusses Danna B. Costa-Sahs' opinion on Claimant's ability to perform simple tasks finding that Claimant displays appropriate memory. R. 21.

Additionally, in the paragraph directly following the ALJ's discussion of Drs. Meyers and Dow's opinions, the ALJ again cites to Danna B. Costa-Sahs' opinion regarding the performance of simple tasks, noting that Claimant displays the ability to recall three-out-of-three unrelated times and immediately and two-out-of-three unrelated items after a short delay. R. 26. Also, citing to Drs. Kaplan and Costa-Sahs' opinions and the record from Pathways Counseling Center, the ALJ reiterates that the record supports that Claimant displays appropriate memory and concentration to perform simple tasks and indicates that she can interact with others. R. 27.

Based on the foregoing, the Court finds that the ALJ adequately addressed the consistency factor as it relates to Drs. Meyers and Dow's opinions. The Court was able to read the decision as a whole and decide that the ALJ's consistency determination was adequate. *See Raper v. Comm'r of Soc. Sec.*, 2024 WL 89 F.4th 1261, 1276 (11th Cir. Jan. 3, 2024) ("Though the ALJ did not repeat his discussion of those records in the same paragraph, he thoroughly discussed those records in the immediately preceding paragraphs where he determined that the records supported a sedentary RFC. Short of re-summarizing or adding an internal citation to those paragraphs, it is hard to imagine how the ALJ could have been clearer."); *see also Davis v. Comm'r of Soc. Sec.*, 2011 WL 5826553, at *1, 13 (M.D. Fla. Nov. 18, 2011) (noting that the district court's review is limited to considering whether the ALJ's decision as a whole is supported by substantial evidence).

Additionally, to the extent Claimant argues the ALJ erred in finding that Drs. Meyers and Dow's opinions to be persuasive but not those of Drs. Dalton and Kaplan, the Court finds that the ALJ appropriately considered each opinion pursuant to the regulations and the decision was based on substantial evidence.

Finally, although not entirely clear, it appears that Claimant asserts that the ALJ's consistency determinations were also improper with respect to Drs. Dalton and Kaplan's opinions. In the Reply, Claimant states that she "continues to argue that the ALJ erred *as a matter of law* in not providing adequate analysis of the supportability and consistency of Dr. Kaplan's opinion." Doc. 19 at 6 (emphasis in the original). It seems Claimant raises the same challenge as it relates to the ALJ's treatment of Dr. Dalton's opinion. *See id*. at 2. As an initial matter, "[i]ssues not raised in an initial brief are deemed forfeited and will not be addressed absent extraordinary circumstances." *Anthony v. Georgia*, 69 F.4th 796, 807 (11th Cir. 2023) (citing *United Staes v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022). To the extent Claimant waited to present the argument in the Reply, it is deemed waived. Regardless, assuming the Initial Brief can be interpreted to include the argument, the Court finds there is no merit to Claimant's position. In reaching the persuasiveness determination, the ALJ adequately considered the physicians' opinions as they relate to the other evidence within the record. *See* R. 26, 27. With citation to the record, the ALJ explained why she found Drs. Kaplan and Dalton's opinions to be inconsistent with evidence in the record. *Id*. Again, this is not a situation where the ALJ included a boilerplate analysis and conclusory statements regarding consistency. The Court was able to conduct a meaningful review of the ALJ's findings and the substantial evidence the ALJ relied upon in reaching the decision.

### IV. Conclusion

In sum, the Court finds that Claimant is not entitled to relief. While Claimant tries to frame the assignments of error around the ALJ's consideration of the supportability and consistency factors and ultimate determination regarding the persuasiveness of the physicians' opinions, Claimant largely invites the Court to reweigh the evidence. The ALJ properly evaluated the persuasiveness of the physicians' opinions, and the Court rejects any request to reweigh the evidence. *See Winschel*, 631 F.3d at 1178. Whether Claimant's arguments are read separately or in conjunction with one another, the Court finds that substantial evidence supports the ALJ's decision.

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**ORDERED** in Orlando, Florida on April 12, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE